

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Clifton H. Morris, Chairman
State Board of Public Accountancy of Texas
1205 Fair Building
Fort Worth, Texas

Opinion No. O-6066
Re: Legality of certain pro-
posed expenditures by the
State Board of Public Ac-
countancy.

Dear Sir:

Your opinion request of June 2, 1944, reads as follows:

"At the next session of the Texas Legislature, the accounting profession of this State expects to recommend legislation affecting the profession of Public Accountancy in the State and in the interest of the public welfare. In connection with this proposed legislation the Board Members may incur some expenses which they consider necessary. Will you please advise me specifically if the following items could be considered expenses incident to the 'maintenance of the Board' (Art. 39 RCS):

"(1) Traveling expenses to Board meetings for the purpose of discussing such legislation;

"(2) Traveling expenses of individual members to Austin or other parts of the State in connection with the proposed legislation;

"(3) A legal fee to a firm of attorneys who would advise concerning the legality of the proposed legislation."

Under the provisions of Article 34 of the Revised Civil Statutes, your Board is required to meet "at least once in each year for the purpose of examining applicants for certificates, and may meet as many times during the year as may be in its discretion advisable." It is clear that the meetings above provided for are those "for the purpose of examining applicants for certificates", although other duties, connected with the lawful purpose of such Board, by necessary implication may be performed at such meetings, or at other meetings, as, for instance, the issuance of "Certified Public Accountant" certificates or degrees, revocation of such certificates, election of a chairman and secretary--treasurer of the Board, prescribing of rules, regulations and by-laws, passing of administrative orders, etc.

Said Article 34 further provides that "the board may hold any number of meetings, and at any time, without giving notice by publication of such meetings, if a meeting be called for any other purpose than the examination of applicants for certificates." We believe it reasonable

that this provision only removes the requirement of notice from all meet-
ings for the purpose of performing an official duty other than examining
applicants for certificates. In other words, it does not authorize meet-
ings for purposes not expressly or by necessary implication, given by law.

With reference to the expenses and compensation of the members
of the Board, Article 39, R.C.S., provides:

"Each member of said board shall receive from the secretary-
treasurer of the board, out of the funds in the hands of the board, if
there be sufficient thereof, all of his necessary railroad and hotel ex-
penses for attending the meetings of said board; but otherwise shall serve
without compensation. The secretary-treasurer shall be required to keep
an account of all money received and disbursed, and shall render an an-
nual statement to the Governor showing receipts and disbursements and
the balance on hand. The balance shall remain in the treasury of the
board, and all expenses in connection with the maintenance of the board
shall be paid from same. No provisions of this law shall be a charge
upon the common funds of this State."

We do not believe the purpose referred to in your first ques-
tion is one contemplated by law for which a Board meeting may properly
be held, therefore we are constrained to hold that the traveling expenses
of Board members to a meeting for such purpose would not be allowable.

The statute contains no express provision for traveling expenses
of the type set forth in your second question, and, as we understand your
inquiry, you are asking whether or not such expenses are "expenses in
connection with the maintenance of the board" within the meaning of this
statute. After providing that members may be paid their traveling expenses
for attendance at meetings of the Board, the statute specifically provides
that otherwise they shall serve without compensation. We feel that this
provision evidences a legislative intent that traveling expenses other
than those specifically mentioned shall not be paid from the funds of
the Board. Moreover, in speaking of expenses in connection with the main-
tenance of the Board, we feel that the legislature had in mind such ex-
penses as postage, cost of stationery, telegraph and telephone expense,
and those other expenses which are necessary to the operation of the Board
as an organization rather than those expenses which an individual member
might incur for purposes other than attendance at Board meetings. Con-
sequently, in answer to your second question, you are respectfully advised
that expenses of the type there described may not be considered expenses
in connection with the maintenance of the Board within the meaning of
Article 39.

With reference to your third question, the Board is nowhere
expressly authorized to employ counsel. Implied authority to employ such
counsel is, we feel, negatived by those provisions of Article 4399 of
the Revised Civil Statutes wherein it is made the duty of the Attorney
General to render written advice to the heads of all State boards upon

matters concerning their official duties. Consequently, in answer to your third question, you are respectfully advised that a legal fee of the type there described may not be considered an expense in connection with the maintenance of the Board within the meaning of Article 39.

Trusting that the foregoing fully answers your inquiries, we are

APPROVED AUG 9, 1944

/s/ Geo. P. Blackburn

ACTING ATTORNEY GENERAL OF TEXAS

RLL:rt:lm

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Robert L. Lattimore, Jr.
     Robert L. Lattimore, Jr.
        Assistant.

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN